PANTALEONE MEGNA *v.* MONONGAHELA TRANSPORT COMPANY

(No. 6853)

Submitted February 11, 1931.   Decided April 14, 1931.

*D. H. Hill Arnold* and *Deveny & Furbee,* for plaintiff in error.

*Victor H. Shaw,* for defendant in error.

LITZ, PRESIDENT:

This is an action of trespass on the case for personal injury. Defendant, Monongahela Transport Company, is a common carrier of passengers by motor bus. About eight P. M., April 15, 1928, plaintiff, Pantaleone Megna, with his wife and child boarded one of its buses at Fairmont for passage to Watson, a nearby village, in which he resided. On alighting at his destination he stepped into a culvert or ditch at the side of the road thereby sustaining personal injury. Megna charges his misfortune to alleged negligence of defendant in failing to stop the bus at the usual place for discharging and receiving passengers and in failing to warn him of the ditch which he claims not to have observed because of the darkness and his belief that the bus had stopped

where, as a passenger, he had been accustomed to board and leave the buses of defendant.

Defendant complains of the ruling of the circuit court refusing to nonsuit the plaintiff for failure to file his declaration within the time prescribed by the statute, and entering judgment on a verdict against it in his favor.

Process commencing the action, issued March 16, 1929, and returnable to April Rules, was served March 18th and duly returned. The declaration was not filed until June Rules. The rules entered on the rule docket follow: "*April 1929 Rules.* Summons returned executed. The defendant, by C. Brooks Deveny, appeared and asked for rule to file declaration. *May Rules,* continued for declaration. *June 1929 Rules,* declaration filed." July 13, 1929, during the first term after the institution of the action, defendant moved the court to correct the May Rules by having them show a nonsuit, in accordance with the April Rules, instead of a continuance for the filing of the declaration; and moved that plaintiff be nonsuited for failure to file his declaration at May Rules; the plaintiff also moved the court to amend the April Rules by striking therefrom the statement: "C. Brooks Deveny appeared and asked for rule to file declaration." The final order, entered April 5, 1930, overruled defendant's motions and sustained plaintiff's motion.

Section 6, chapter 125, Code 1923, (56-4-6, Code 1931), provides: "A defendant may appear at the rule day at which the process against him is returnable, or, if it be returnable in term, at the first rule day after the return day, and, if the declaration or bill be not then filed, may give a rule for the plaintiff to file the same. If the plaintiff fail to do this at the succeeding rule day, or shall, at any time after the defendant's appearance, fail to prosecute his suit, he shall be nonsuited and pay to the defendant, besides his costs, five dollars." Plaintiff contends that the April Rules, as entered upon the rule docket, in so far as they show an appearance on the part of the defendant and request for rule to file declaration are unauthorized, while defendant insists that these rules were properly entered and that the May Rules should be corrected in conformity thereto by showing a nonsuit for failure

of plaintiff to file his declaration. To sustain the April Rules as entered, defendant filed the affidavits of its attorneys, C. Brooks Deveny and Russell L. Furbee. Deveny states that he in company with Furbee appeared at the office of the clerk of the circuit court of Marion County at April Rules (1929) and then and there as attorney for defendant requested of Miss Ethel Cronin (who he had been informed was in charge of the rules) a rule for plaintiff to file his declaration; that being informed by Miss Cronin that she was not experienced in making this sort of entry on the rule docket, he dictated to her the entry to be made. Furbee corroborates Deveny and further states that the appearance and motion were made on the first rule day. The plaintiff, to support his contention, presented the affidavits and testimony of Miss Ethel Cronin and L. A. Cather, clerk of the circuit court. In her affidavit, Miss Cronin states that she is ''a clerk in the office of the clerk of the Circuit Court of Marion County, West Virginia, *and as such clerk has charge of making up the rules in all proceedings pending in said court''*; but that the appearance and motion on behalf of defendant were made after the April Rules. In her testimony, subsequently taken in open court, she was unable to fix the time with reference to the rule days. So that the statements of Deveny and Furbee must be taken as true. Besides, it is unreasonable that a competent and reputable lawyer would appear and request a rule after the rules had ended. In his affidavit, Mr. Cather states that on Thursday, following the April Rules, he made up the Rules in the case by endorsing on the wrapper containing the file, ''Summons returned executed''; that he had no information at that time of a request on behalf of the defendant for a rule requiring the plaintiff to file his declaration, but some days later was advised by Miss Cronin of such request and that in compliance therewith she had written the motion on the wrapper in the case and copied the same, with his previous endorsement of rules on the wrapper, into the rule docket. In his testimony, subsequently taken in open court, Mr. Cather repeats the recitals of his affidavit; and states further that he did not authorize Miss Cronin to make the notation on the wrappers or copy it

into the rule docket as a part of the rules; that he had "never had anybody directly in charge of the rules"; but that Miss Cronin handled matters pertaining thereto; accepted papers from attorneys to be filed in suits; and recorded the rules in the rule docket after they had been noted by him on the case wrappers. He, of course, did not authorize her to include the motion of counsel for defendant as part of the rules as she had done so before informing him of the request. As the recording of the motion was a mere ministerial act, its entry by Miss Cronin (who handled matters pertaining to the rules and accepted papers from attorneys to be filed in suits) instead of the clerk did not change its legal effect. It would have been his duty to enter the motion as part of the rules had the matter been called to his attention by her.

We are therefore of opinion that the motion of defendant to nonsuit the plaintiff should have been sustained; and an order will be entered accordingly.

*Reversed and entered.*